UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
GEORGE HOURANI,

                    Plaintiff,            <u>MEMORANDUM AND ORDER</u>

   -against-                       CV 15-2561 (LDW) (SIL)

WELLS FARGO BANK, N.A.,

                    Defendant.
------------------------------------------------------X
WEXLER, District Judge

      Plaintiffs George Hourani ("Hourani") brings this diversity action against

defendant Wells Fargo Bank, N.A. ("Wells Fargo'), asserting various claims stemming

from a foreclosure action brought by Wells Fargo against Hourani in state court.

Wells Fargo moves to dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of

Civil Procedure ("FRCP").  Hourani opposes the motion.


I.  <u>BACKGROUND</u>

      For purposes of this decision, the relevant background can be summarized as

follows.  Hourani resides at 23 West Avenue, Lawrence, New York (the "Property").  The

Property was subject to a note, for $400,000, secured by a mortgage held by Wells Fargo.

On July 28, 2011, following Hourani's default in making required payments, Wells Fargo

commenced a foreclosure action in Supreme Court, Nassau County (the "Foreclosure

Action").  On March 5, 2014, Wells Fargo obtained a judgment of foreclosure and sale in

the amount of $519,315.68, plus additional  interest through the date of sale (the

"Foreclosure Judgment"). The Property was sold to a non-party on October 21, 2014 (the "Foreclosure Sale"). Hourani alleges that he first learned of the Foreclosure Sale on October 22, 2014.

On or about October 29, 2014, Hourani filed a motion in the Foreclosure Action to set aside the Foreclosure Sale on the grounds of fraud, bad faith, and breach of agreement, alleging that he did not receive a notice of the Foreclosure Sale and that Wells Fargo had misrepresented that it would adjourn the Foreclosure Sale while Hourani completed an application to modify the mortgage loan (the "Motion to Vacate"). On December 5, 2014, Wells Fargo filed opposition to the Motion to Vacate. In its opposition, Wells Fargo submitted a "Notice of Sale," with an "Affidavit of Service," indicating that the notice was served on Hourani on September 22, 2014 by Wells Fargo's counsel. By order dated April 1, 2015, the state court denied Hourani's Motion to Vacate, ruling that "[Hourani] has not established bad faith on the part of [Wells Fargo]. [Wells Fargo's] Exhibit I evidences that a notice of sale was served" (the "Order Denying Motion to Vacate"). Hourani did not file an appeal in the Foreclosure Action.

On May 5, 2015, Hourani commenced this action. In the complaint, he asserts seven claims: (1) Count One, "Deceptive Advertising and Other Unfair Business Practices"; (2) Count Two, "Breach of Fiduciary Duty by Fraudulent Concealment"; (3) Count Three, "Common Law Fraud"; (4) Count Four, "Unjust Enrichment"; (5) Count Five, "Breach of the Implied Covenant of Good Faith and Fair Dealing"; (6) Count Six,

"Equitable Estoppel"; and (7) Count Seven, "Intentional Infliction of Emotional Distress." For each claim, Hourani requests "compensatory damages" and a judgment "vacating the foreclosure sale."

Wells Fargo moves to dismiss, arguing, *inter alia*, that Hourani's claims are barred by: (1) the *Rooker-Feldman* doctrine, and (2) res judicata and collateral estoppel. Alternatively, Wells Fargo argues that the complaint fails to state a claim.

## II. <u>DISCUSSION</u>

### A. <u>Motion to Dismiss Standards</u>

On a motion to dismiss under FRCP 12(b)(1), the court should dismiss the action when it "lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). The court must accept as true all allegations in the complaint, but it may refer to evidence outside the pleadings to resolve disputed issues of jurisdiction. *Kamen v. American Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986); *Woodcock v. Montefiore Med. Ctr.*, 48 F. Supp. 2d 231, 233-34 (E.D.N.Y. 1999).

On a motion to dismiss under FRCP 12(b)(6), the court must assume that all allegations in the complaint are true and draw all reasonable inferences in favor of the nonmoving party. *Plair v. City of New York*, 789 F. Supp. 2d 459, 463 (S.D.N.Y 2011). Moreover, the plaintiff is required to "set forth enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see*

*also Ashcroft v. Iqbal*, 556 U.S. 662, 678-80 (2009). A pleading that does nothing more than recite the elements of a claim, supported by mere conclusory statements, is insufficient to "unlock the doors of discovery." *Iqbal,* 556 U.S. at 678. Rather, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679.

B. *Rooker-Feldman* Doctrine

The Second Circuit has established a four-part test for determining whether the *Rooker-Feldman* doctrine deprives a federal district court of subject matter jurisdiction. *See Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014); *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005). Under this test, *Rooker-Feldman* applies only if four conditions are met: (1) the federal-court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state-court judgment; (3) the plaintiff must invite district court review and rejection of that judgment; and (4) the state-court judgment must have been rendered before the district court proceedings commenced. *Vossbrinck*, 773 F.3d at 426; *Hoblock,* 422 F.3d at 85.

Here, the four conditions are met, and the doctrine applies, to the extent that Hourani requests an order "vacating the foreclosure sale"—as he does in every claim of the complaint. First, Hourani lost in the state court. Second, the complained-of injury (*i.e.,* sale of the Property) was the result of the state court's Foreclosure Judgment. Third, Hourani clearly invites this Court to review and reject the state court's Foreclosure Judgment and subsequent Order Denying Motion to Vacate. Indeed, the complaint

specifically requests, in each claim, a judgment by this Court "vacating the foreclosure sale." Hourani tellingly states that he "brings this action with the hope that this Court will grant relief of a judgment entered in the [state court]," and that he "seeks to challenge final ruling of a State Court foreclosure action." Brief in Opposition of Defendant's Motion to Dismiss, at 1. Finally, the Foreclosure Judgment and Order Denying Motion to Vacate were rendered before this action was commenced. Accordingly, the *Rooker-Feldman* doctrine deprives this Court of jurisdiction to hear Hourani's claims against Wells Fargo to the extent that his claims request that this Court vacate the Foreclosure Judgment. *See Posy v. HSBC Bank USA*, 991 F. Supp. 2d 422, 426 (E.D.N.Y. 2013).

C. Res Judicata and Collateral Estoppel

A federal court must give a state court judgment the same preclusive effect that it would have in that state's courts. *Green v. Montgomery*, 219 F.3d 52, 55 (2d Cir. 2000); *Colon v. Coughlin,* 58 F.3d 865, 869 n. 2 (2d Cir. 1995). Because the Foreclosure Action occurred in New York, this Court applies New York's res judicata and collateral estoppel doctrines. *See Beckford v. Citibank N.A.*, No. 00 CV 205 DLC, 2000 WL 1585684, at *3 (S.D.N.Y. Oct. 24, 2000).

Under New York law, res judicata (or claim preclusion) "bars future litigation of claims that were or could have been raised in a prior proceeding where that prior proceeding resulted in a final judgment on the merits." *Id.; Yeiser v. GMAC Mortg. Corp.*, 535 F. Supp. 2d 413, 422-23 (S.D.N.Y. 2008). New York applies a transactional

approach to res judicata, meaning that " 'once a claim is brought to a final conclusion, all

other claims arising out of the same transaction or series of transactions are barred, even

if based upon different theories or if seeking a different remedy.' " *Yeiser*, 535 F. Supp.

2d at 422 (quoting *Sosa v. JP Morgan Chase Bank*, 33 A.D.3d 609, 611 (2d Dep't 2006)).

Moreover, the doctrine applies "to defenses that could have been litigated, including

defenses to a foreclosure." *Beckford*, 2000 WL 1585684, at *3 (citations omitted);

*Yeiser*, 535 F. Supp. 2d at 423. New York, however, has a permissive counterclaim rule.

While that rule "means that 'res judicata generally will not necessarily bar claims that

could have been counterclaims in a prior action,' this exception for counterclaims does

not permit an attack on a judgment." *Beckford*, 2000 WL 1585684, at *3 (quoting

*Eubanks v. Liberty Mortg. Banking, Ltd.,* 976 F. Supp. 171, 173 (E.D.N.Y.1997)). As the

New York Court of Appeals explains, while this

> rule may save from the bar of res judicata those claims for
> separate or different relief that could have been but were not
> interposed in the parties' prior action[,] [i]t does not . . .
> permit a party to remain silent in the first action and then
> bring a second one on the basis of a preexisting claim for
> relief that would impair the rights or interests established in
> the first action.

*Henry Modell & Co. v. Minister, Elders & Deacons of Reformed Prot. Dutch Church,* 68

N.Y.2d 456, 462 n. 2 (1986) (citation omitted); *see also Signature Bank v. Epstein*, 95

A.D.3d 1199, 1200 (2d Dep't 2012) (" 'A judgment of foreclosure and sale entered

against a defendant is final as to all questions at issue between the parties, and concludes

all matters of defense which were or might have been litigated in the foreclosure action.' " (quoting *Long Island Sav. Bank v. Mihalios*, 269 A.D.2d 502, 503 (2d Dep't 2000))).

Under New York law, collateral estoppel (or issue preclusion) "precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same." *Ryan v. N.Y. Tel. Co.,* 62 N.Y.2d 494, 500 (1984); *Colon,* 58 F.3d at 869. Two requirements must be met for collateral estoppel to apply: (1) an identical issue was necessarily decided in the prior action and is decisive of the present action, and (2) there was a full and fair opportunity to contest that prior determination. *Buechel v. Bain,* 97 N.Y.2d 295, 303-04 (2001).

Hourani's claims in this action generally challenge Wells Fargo's purported fraud, bad faith, and breach of agreement in failing to or insufficiently notifying Hourani of the pending Foreclosure Sale while simultaneously reviewing him for a mortgage loan modification. Hourani did in fact raise similar challenges in his Motion to Vacate, but the state court rejected them. Hourani did not appeal the state court's rulings in the Foreclosure Action. The Foreclosure Judgment is final as to all questions at issue between these parties, and concludes all matters of defense that were or might have been litigated in the Foreclosure Action. All of Hourani's claims in this action were questions at issue in the Foreclosure Action or matters that Hourani raised or might have raised in

that action.  As such, his claims are barred by res judicata.  The issues of fraud, bad faith,

and breach of agreement underlie all of Hourani's claims in this action, most clearly

Count Three (Common Law Fraud), Count Five (Breach of the Implied Covenant of

Good Faith and Fair Dealing) and Count Six (Equitable Estoppel).  As such, collateral

estoppel bars all of Hourani's claims.  Even assuming that Counts One, Two, Four and

Seven are not barred by collateral estoppel (or res judicata), they are plainly insufficient,

as discussed below.

D.  <u>Failure to State a Claim</u>

While the Court need not reach Wells Fargo's alternative argument that the

complaint fails to state a claim, the Court concludes that Counts One, Two, Four, and

Seven are plainly insufficient even assuming that they are not otherwise barred.

Count One purports to assert a claim for "Deceptive Advertising and Other Unfair

Business Practices" for violation of the Federal Trade Commission Act ("FTCA"), 15

U.S.C. § 45.  This count fails to state a claim because no private right of action may be

brought.  *See Naylor v. Case & McGrath, Inc.*, 585 F.2d 557, 561 (2d Cir.1978) ("[I]t is

clear that no private right of action arises under [the FTCA]."); *Alfred Dunhill Ltd. v.

Interstate Cigar Co.*, 499 F.2d 232, 237 (2d Cir. 1974).

Count Two purports to assert a claim for "Breach of Fiduciary Duty by Fraudulent

Concealment."  Under New York law, "absent specific contractual language or

circumstances to the contrary, the ordinary relationship between a creditor and debtor


does not rise to the level of imposing a fiduciary duty upon the creditor." *Gorham-DiMaggio v. Countrywide Home Loans, Inc.*, 592 F. Supp. 2d 283, 294 (N.D.N.Y. 2008); *see also Bank Leumi Trust Co. of N.Y. v. Block 3102 Corp.*, 180 A.D.2d 588, 589 (1st Dep't 1992) ("The legal relationship between a borrower and a bank is a contractual one of debtor and creditor and does not create a fiduciary relationship between the bank and its borrower."). This count fails to state a claim because Hourani does not allege circumstances under which a fiduciary relationship existed between himself, as borrower/mortgagor, and Wells Fargo, as lender/mortgagee. *See Gorham-DiMaggio*, 592 F. Supp. 2d at 294; *Bank Leumi Trust Co. of N.Y.*, 180 A.D.2d at 589.

Count Four purports to assert a claim for "Unjust Enrichment." Under New York law, an unjust enrichment claim requires "(1) that the defendant benefitted; (2) at the plaintiff's expense; and (3) that equity and good conscience require restitution." *Kaye v. Grossman*, 202 F.3d 611, 616 (2d Cir. 2000) (internal quotation marks omitted). However, an unjust enrichment claim is ordinarily precluded where the parties executed a valid and enforceable written contract governing a particular subject matter, and recovery is sought for events arising out of that subject matter. *IDT Corp. v. Morgan Stanley Dean Witter & Co.*, 12 N.Y.3d 132, 142 (2009); *see Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.*, 448 F.3d 573, 586-87 (2d Cir. 2006); *Hinds v. Option One Mortg. Corp.*, No. 11-CV-06149 (NGG) (RER), 2012 WL 6827477, at *6 (E.D.N.Y. Dec. 6, 2012) (Report & Recommendation), *adopted by* 2013 WL 132719 (E.D.N.Y. Jan.

10, 2013).  This count fails to state a claim because the note and mortgage are valid and enforceable written contracts governing a particular subject matter, and Hourani seeks recovery for events arising out of the subject matter of the note and mortgage.  *See Hinds*, 2012 WL 6827477, at *6.  Moreover, Hourani fails to plead that Wells Fargo was unjustly enriched, in that it retained anything beyond what it was entitled to under the mortgage and by the Foreclosure Action.  *See id.* at *7 ("Plaintiff has made no allegations that Defendants have improperly retained any surplus from the sale beyond the loan funds and additional out-of-pocket expenses to which they are entitled.").

Count Seven purports to assert a claim for "Intentional Infliction of Emotional Distress."  Under New York law, a claim for intentional infliction of emotional distress requires "(1) extreme and outrageous conduct; (2) intent to cause, or reckless disregard of a substantial probability of causing, severe emotional distress; (3) a causal connection between the conduct and the injury; and (4) severe emotional distress."  *Stuto v. Fleishman*, 164 F.3d 820, 827 (2d Cir. 1999) (citing *Howell v. New York Post Co.*, 81 N.Y.2d 115, 121 (1993)).  For liability, the conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society," a "matter for the Court to determine in the first instance."  *Id.*  This count fails to state a claim because Hourani does not allege circumstances that are so "extreme and outrageous" as to permit recovery.  Hourani does not allege, for example, physical threats, verbal abuse,

harassment, intimidation, or public humiliation—conduct that may allow recovery. *See id.* at 828; *Nelson v. Ulster Cnty., N.Y.*, 789 F. Supp. 2d 345, 353 (N.D.N.Y. 2010).

III.  CONCLUSION

For the reasons above, Wells Fargo's motion to dismiss is granted, and the complaint is dismissed with prejudice.  The Clerk of Court is directed to close the file.

SO ORDERED.

_____/s/_____
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
        February 1, 2016